WOLF v. DISTRICT COURT IN AND FOR NORTHERN DISTRICT OF CALIFORNIA, SECOND DIVISION, et al.*

(Circuit Court of Appeals, Ninth Circuit. July 17, 1916.)

No. 2823.

COURTS ☞493(3)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.
    A federal court will not entertain an action to recover real estate while an appeal is pending from a judgment of a state court, to which plaintiff was a party, determining the title to the same property.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1349–1352; Dec. Dig. ☞493(3).]

Petition by Maria Julia Wolf for a writ of mandamus directed to the District Court of the United States for the Northern District of California, Second Division, and William C. Van Fleet, Judge of said court. Writ denied.

We are asked to issue writ of mandamus directed to the respondents to vacate an order made by the District Court on October 11, 1915, staying proceedings in a suit pending in the District Court and striking the cause from the calendar, and to direct the District Court of the United States to set such cause for trial and to proceed with the trial thereof at its early convenience.

The petition sets up that petitioner filed an amended complaint in an action at law in the District Court of the United States wherein petitioner was plaintiff and Edward Funkenstein defendant; that on January 7, 1915, the defendant answered the amended complaint; that on March 27, 1915, defend-

---

ant Edward Funkénstein moved the United States District Court to stay proceedings; that this motion was heard, and that, to support it, the plaintiff introduced a copy of the judgment roll in the action of Wolf et al. v. Gall et al., No. 50811 in the superior court of the state of California, and that it appeared by the judgment roll that plaintiffs in that action, before trial, alleged that plaintiffs were, at the time of the commencement of the action, in possession of the real property described in the complaint, and that such allegation was deemed denied by the defendants; that defendant Edward Funkenstein made no objection to the judgment roll so offered; that thereafter, on October 11, 1915, Judge Van Fleet granted the motion to stay proceedings, and struck the cause from the calendar of the United States District Court; that defendant Edward Funkenstein died in San Francisco in November, 1915, and that Rebecca Funkenstein Gall was appointed special administratrix of his estate and was substituted as defendant in the place of Edward Funkenstein, deceased.

In the amended complaint filed in the United States District Court, the plaintiff, Maria Julia Wolf, alleging citizenship in Guatemala, prayed judgment to be let into the possession of certain described property with the defendants, Sarah and Edward Funkenstein and Charles F. and Rebecca F. Gall. The complaint alleged, among allegations of heirship, that plaintiff, by death of one Tobe Funkenstein, became the owner and seised in fee simple of an undivided tenth interest in the real estate, and succeeded to the possession of the real estate, together with Arturo Wolf and the other defendants, as tenants in common, but that about June 30, 1913, the defendants wrongfully ousted her and Arturo Wolf from possession.

The defendant Edward Funkenstein answered, denying that ownership and possession of the real estate ever were in Tobe Funkenstein, denying that Arturo Wolf was a brother of plaintiff and that plaintiff and Arturo were the children of Tobe Funkenstein, denying ownership or seisin in fee simple, or ownership of any interest in the described real estate, and denying ouster, all as alleged. Defendant also pleaded that in December, 1907, Tobe Funkenstein was the owner of the property and made a deed of gift of the same to defendants Charles F. and Rebecca Gall and Edward and Sarah Funkenstein. The deed is set forth. Defendant pleaded also that defendants Charles Funkenstein Gall, Rebecca Funkenstein Gall, and Sarah Funkenstein have been owners and in possession ever since the deed. Defendant pleaded the statute of limitations, and alleged that the superior court of the state of California assumed jurisdiction over the real property described, and every part thereof, and the right to determine title thereto, and to the subject-matter of the action as between the parties to the suit in this manner: That on August 7, 1913, he, together with Arturo Wolf, brought action in the superior court in San Francisco, No. 50811, against Edward and Sarah Funkenstein and Rebecca and Charles Gall; that in this action plaintiffs claimed to be heirs at law of Tobe Funkenstein, and claimed certain ownerships in the real property described as heirs at law of Tobe Funkenstein, deceased, and they prayed that their title should be quieted and that they should have possession; that thereafter defendants in that action denied ownership of plaintiffs therein and right of possession; that trial was had and judgment ordered that Maria and Arturo had no right or title or right of possession to the property; that this judgment has not been vacated; and that the superior court of the state also decided that Charles Funkenstein Gall and Sarah Funkenstein and Rebecca Funkenstein Gall and Edward Funkenstein were owners in fee simple and entitled to the possession of the property, and that Arturo and Maria should be enjoined from making claim to the real property. For further defense it was set up that in the superior court of the state there was pending a proceeding in the estate of Tobe Funkenstein, deceased, wherein Arturo Wolf applied for letters of administration of the estate of Tobe Funkenstein, and that the petition for probate had not been determined as against a petition by the public administrator for letters of the estate of the said Tobe Funkenstein; that the special administrator had commenced an action in the superior court for the possession of the real property, and that that action was undetermined. Estoppel was relied on as a defense, and judgment prayed that plaintiff should be enjoined and that

the action be continued or abated until the final determination of the actions commenced in the superior court of the state.

Accompanying the motion made by the defendant Edward Funkenstein to stay proceedings in the federal court, Edward Funkenstein filed an affidavit setting up, in effect, that the superior court of the state of California had assumed jurisdiction over the real property described in the amended complaint in the cause and of the right to determine title thereto and of the subject matter of the action. Affiant set forth the proceedings to which we have just made reference, the entry of judgment by the superior court, the pendency of the proceeding in the probate matters and the institution of the suits by the special administrator.

A. W. Myers, counsel for the plaintiff, filed an affidavit in the District Court in opposition to the affidavit of Edward Funkenstein, to which we have just referred. Affiant therein denies that the plaintiff in the action in the state court, No. 50811, sued for the possession of the real estate, but that she alleged she was the owner in fee simple of a certain portion (one-tenth), and entitled to the possession and in the possession of a certain portion (one-tenth). and that upon the facts alleged by plaintiff in that action she could not maintain an action in ejectment, but could only maintain her action in equity to quiet her title. Affiant then says that in the action 50811 Edward Funkenstein did not assert title to the property in himself as heir at law, but claimed title under an alleged deed of gift and asserted title by prescription, and that in the trial had in the superior court of the state sitting without a jury, on May 1, 1914, the court rendered a decision, not upon the merits, but "a technical and erroneous decision, as to the law which determined the plaintiff's rights in said action, as appears from the said oral decision of said court." Affiant then quotes the opinion of Judge Sturtevant, of the superior court, in the case of Wolf et al. v. Gall et al., No. 50811. The opinion is somewhat elaborate, and enters into what the learned judge was pleased to term "every angle" necessary for its determination. The court considered the rights of illegitimate and legitimate children, and traces sections of the statutes of the state of California as codified in sections of the Civil Code. Findings and judgment were ordered for the defendant, and judgment thereafter duly entered.

Petitioner sets up that there was no finding or decision with reference to the title by prescription either in the plaintiff or defendant, and no determination of the issue by the court in that action; that thereafter the plaintiff Maria Julia Wolf appealed to the Supreme Court of the state, and the appeal is now pending and undetermined; that Maria Julia Wolf filed a motion for a new trial in case No. 50811, and that that motion is still pending in the superior court. Maria Wolf then alleges that she believes the judgment of the superior court of the state was erroneous, and not a legal determination of her rights, and she is not satisfied to have her rights determined by the courts of the state of California, and therefore brings this action in the federal courts to determine the legality of the so-called deed under which the defendant claims title to the real estate. The petitioner further alleges that the superior court, in 50811, has rendered a judgment which on its face decides that the deed of gift was executed and delivered by Tobe Funkenstein to the defendants, but that the court never considered evidence offered upon the trial of the action before it by which it was established that it never was the intention of Tobe Funkenstein to make or deliver a conveyance to defendants, and the affiant says that the judgment is nothing more than one of nonsuit, and that there is no judgment in 50811 binding upon affiant, because the judgment has been appealed from and is now undetermined. Affiant further alleges that a special administrator has been ordered to proceed with actions necessary to recover possession of the property belonging to the estate of Tobe Funkenstein, and that he has commenced two actions, but that the superior court has made an order vacating the appointment of a special administrator, and that all the actions and proceedings had by or on behalf of Edward Funkenstein are for the purpose of preventing a decision of the plaintiff's rights on the merits.

Leon Samuels, objecting to the granting of a mandate by this court, has filed an affidavit herein. He sets forth that action No. 50811 brought in the

superior court in California was to quiet title to the same property described in the petition herein and was based upon the ground that Maria and Arturo Wolf were entitled to succeed to the real property as heirs at law of Tobe Funkenstein. He sets up the judgment of the superior court adjudging that neither of them had title or right of possession to the property; that Edward Funkenstein and Charles and Rebecca Gall and Sarah Funkenstein were the owners and in possession and entitled to the possession, and that injunction was issued against Arturo and Maria Wolf from claiming the real estate; that this judgment has not been modified or set aside; that after this judgment was rendered Arturo brought suit in the superior court of the state, alleging that the deed under which Edward, Charles, and Rebecca and Sarah had taken title was made under duress, fraud, and mistake. This action was No. 71003 in the superior court. Affiant sets up that the superior court determined that by the commencement of action 71003 Arturo and his attorneys were guilty of contempt, in that the injunctive provision in judgment in 50811 had been violated; that by proceedings had in the contempt matter the District Court of Appeal, First Appellate District, of the state of California, adjudged Arturo and his attorneys guilty of contempt; that before the commencement of action 71003 Arturo, in the superior court of the state sitting as a court of probate, sought to have himself appointed administrator of the estate of Tobe Funkenstein upon the ground that he and Maria Wolf were heirs at law, but that the superior court determined that Arturo was not an heir at law of Tobe Funkenstein, deceased; that action No. 50811 is now pending on appeal in the Supreme Court of the state of California; that it is not true, as alleged in the petition for writ of mandate, that the judgment roll in 50811 showed that at the time it was made or certified the plaintiffs in that action had before trial amended their complaint by alleging that at the time of the commencement of said action they were in possession of the real property described, and that in the decision of the superior court of the state, and in the judgment, it is nowhere found that plaintiffs were at the time in possession of the real estate.

George Lezinsky, one of the attorneys for Maria Wolf, the petitioner, filed a reply affidavit, setting up that he believed that by virtue of the appeal taken from the judgment of the superior court the judgment rendered would be reversed; that the amendment to the complaint in action 50811 was made by order of the court in open court before the trial of the action, but by inadvertence the order of the court was not entered, and a nunc pro tunc order was thereafter made; that administration of the estate of Tobe Funkenstein has not been had, because of the opposition of Edward and Sarah Funkenstein and Charles and Rebecca Gall. Affiant then sets up that there was not a fair and full determination by the superior court of the state of the question of the validity of the alleged deed under which the defendants claimed title to the real estate, and affiant believes that the instrument of conveyance is spurious and void and that these facts can be established upon a trial.

Denson, Cooley & Denson, of San Francisco, Cal. (Theodore A. Bell and George Lezinsky, both of San Francisco, Cal., of counsel), for petitioner.

Edgar D. Peixotto, J. R. Pringle, and Leon Samuels, all of San Francisco, Cal., for defendants Rebecca F. Gall and others.

Before MORROW and HUNT, Circuit Judges, and DOOLING, District Judge.

HUNT, Circuit Judge (after stating the facts as above). Stated in brief way, our conclusion is that the judgment of the superior court of the state in case 50811 found the issues of title and possession and right of possession to the real property described in the complaint in the defendants' favor, and this court will presume that

such judgment was supported by evidence, and, the superior court of the state being one of general jurisdiction, that it made findings of fact responsive to the material issues presented and tried before it. The record shows that the parties went to trial in the state court upon pleadings wherein, by affirmative allegations in the answer, the answering defendants prayed for affirmative relief. By the issues the trial in the state court was had, not alone upon the question of plaintiffs' title as against defendants', but also upon the question of the defendants' title as against the plaintiffs' title. Moreover, we gather that the question of the right of the defendants to have their title tried out as against the plaintiffs' title has been argued in certain contempt proceedings had before the superior court of the state and the higher state tribunal, where decisions have been rendered upholding the contentions of the defendants and sustaining the view that the defendants had properly prevailed in the superior court. Under all the conditions shown, this court ought not to issue mandamus to require the District Court of the United States to proceed to try a matter over which the state tribunals have jurisdiction with full power.

Such, we think, is the general rule laid down by the federal courts, and is very clearly stated in Westfeldt v. North Carolina Mining Co., 166 Fed. 706, 92 C. C. A. 378. There ejectment was brought in the state court. Defendants answered, and pleaded ownership in fee. During the pendency of this action, and after the judgment which had been rendered in favor of the plaintiff had been reversed, one of the defendants brought suit in the federal court, and the federal court enjoined the plaintiff from proceeding with his action in the state court. But on appeal to the Circuit Court of Appeals for the Fourth Circuit this order of injunction was reversed, the court speaking through Chief Justice Fuller presiding. The court put its decision upon the broad ground that, in matters of concurrent jurisdiction, the court to which jurisdiction first attaches holds the case to the exclusion of the other until the final determination of the matters in dispute, and stated that this rule is not limited in its application to cases where property has actually been seized under judicial process before the institution of a second suit, but applies to actions dealing actually or potentially with specific property, and does not rest simply on comity, but on necessity. In this matter now under consideration, as in the North Carolina case, there is a specific property in the controversy, the title of which and the possession to which are involved.

It appears that the Supreme Court of the state of California has not yet acted upon an appeal in case No. 50811 taken from the judgment of the lower state tribunals, and inasmuch as that court will apparently be called upon to decide the issues tried in the action to quiet title, it is clear to us that the federal court ought, at least at this time, to decline to proceed with the case before it. By proceeding in the federal court a judgment might be rendered which would be in conflict with the one rendered by the state court, and create that confusion deprecated by the Supreme Court, where attempts have been made to transfer matters standing for judgment in the one court to the other.

McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, the principal case cited by petitioner, is easily distinguished, in that McClellan, in that case, went directly into the federal court, and did not wait until a judgment had been rendered in the state court against him. We believe it not in conflict with the doctrine stated in West-feldt v. North Carolina Mining Company, to which we have referred.

The petition is denied.