## BUTLER v. JUDGE OF UNITED STATES DISTRICT COURT IN AND FOR NORTHERN DIST. OF CALIFORNIA, NORTHERN DIVISION.

### No. 9672.

Circuit Court of Appeals, Ninth Circuit.

Jan. 8, 1941.

---

G. A. Bisbee, of Los Angeles, Cal., and H. Ward Sheldon, of Nevada City, Cal., for petitioner.

Robert M. Searls and Wm. E. Colby, both of San Francisco. Cal., for respondent.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is a petition to this court for a writ of mandamus to compel the respondent to proceed with the trial of a suit to quiet title instituted by Cooley Butler, the petitioner herein.

The respondent judge, upon application of the defendant, The Empire Star Mines Company, Ltd., hereinafter referred to as the Empire Company, stayed further proceedings in the United States District Court for the Northern District of California, hereinafter referred to as the federal court, to await the result of the prior action brought by that company against the petitioner in the Superior Court in and for Nevada County, State of California, hereinafter referred to as the state court. Each court has jurisdiction of the action brought therein. Jurisdiction of the federal court is predicated upon diversity of citizenship. The question involved in this application is whether the federal court had discretion to stay the action brought therein and if so whether or not that discretion was properly exercised.

Each suit involves the question of title to underground mining rights in two lots, numbered 6 and 7, located in Grass Valley, Nevada County, California. These rights are predicated upon a contract between the predecessors of Cooley Butler and the predecessors of the Empire Company. The action filed in the state court was brought

by the Empire Company against Cooley Butler, and two of his employees, Wallace Butler and Fred Kallenborn, seeking to perpetually enjoin underground trespass, and for damages for trespass in underground workings of the Empire Company in lots 6 and 7. The defendants answered and denied the trespass and alleged that Cooley Butler was the owner of the property whereon the trespass was alleged to have been committed and prayed for a judgment adjudicating him to be the owner of the property and entitled to possession of it, and that plaintiff be enjoined from asserting any claim thereto. This pleading was in effect a counterclaim or cross-complaint seeking affirmative relief quieting his title to the property involved in the action. Issue was joined in the state court and the case set for trial on the 25th day of November 1940, whereupon Cooley Butler instituted the action in the federal court to quiet title to 272 lots in the townsite of Grass Valley, including among others the lots involved in the state action.

The Empire Company, without answering in the action in the federal court, moved that court on notice and affidavits to stay all further proceedings therein until the trial of the issues and judgment in the action in the state court on the ground that those issues were identical with the issues in the federal action. The trial judge granted the motion, being of opinion that the issues in the two cases were practically identical since both turned upon the interpretation of a contract between the predecessors of Cooley Butler and of the Empire Company concerning extralateral mining rights and upon the factual question whether or not the veins being worked were extralateral within the meaning of the contract.

No question is raised as to the existence of original jurisdiction over the subject matter in either state or federal courts. The question is whether or not the federal court had the discretion to temporarily stay further proceedings in the action before it because of the impending trial of the prior action instituted in the state court. The pendency of the same cause of action in a state court between the same parties is ordinarily not a ground for abating the action in the federal court. The parties may pursue their remedy in both courts at the same time and a judgment first obtained would be binding in both courts. To hold that the federal court should in all cases give way to the state court would in effect deprive persons of diverse citizenship of the rights given to them by the federal Constitution and the statutes to proceed in the federal courts. See McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762. It has been uniformly held, notwithstanding this consideration, that when the proceedings are in rem or quasi in rem the court first obtaining possession of the res should proceed to final judgment and that the court of concurrent jurisdiction should suspend proceedings and await the conclusion of the case in the court having actual or potential possession of the res. Hutchins v. Pacific Mut. Life Ins. Co., 9 Cir., 97 F.2d 58, and cases cited.

It is urged here by the respondent that the suit to quiet title is a proceeding in rem within the meaning of the rule just stated. The real question is whether or not, under the circumstances, it was an abuse of discretion for the respondent judge to stay proceedings in his court in order to permit the trial of the prior action in the state court. We are not without authority on that question. This court in Wolf v. District Court for the Northern District of California, Second Division, 235 Fed. 69, refused to grant a petition for a writ of mandamus to compel the United States District Court to proceed with an action to quiet title where the same title was involved in a state action between the same parties wherein the judgment had been entered by the lower court and was pending on appeal. Under California law such a judgment was not final until decided on appeal. In this denial we followed the decision of the Circuit Court of Appeals for the Fourth Circuit in Westfeldt v. North Carolina Mining Co., 166 Fed. 706, to the same effect.

The Supreme Court of the United States in Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032, involving a conflict over water rights, held that the United States District Court in Nevada having first acquired jurisdiction to settle the rights of Nevada water users as against the users of water in California by the institution of an action to quiet title to water rights in a stream originating in California and flowing into Nevada had power to enjoin the prosecution of an action in the California state courts pending adjudication in the federal court. This decision was based on the general rule applicable to proceedings in rem that the court first acquiring possession of the res

by comity had the exclusive right to proceed. See also Franz v. Franz, 15 F.2d 797.

The question of the right of a federal court to suspend action where the state court had concurrent jurisdiction also was considered in a case in admiralty by the Supreme Court in Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, and again in the same matter in Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. See our decisions in the same matter, The Aloha, 35 F.2d 447, and Green v. Langnes, 82 F.2d 926. These decisions of the Supreme Court in effect hold that the federal court having jurisdiction of a proceeding in admiralty to limit the liability of the ship owner brought by the ship owner should not exercise that jurisdiction where the injured person is proceeding in a state court to enforce his common law right of action for tort against the owner of the vessel but should retain jurisdiction to be exercised by it if and when the state court invaded the exclusive jurisdiction of the federal court by attempting to determine the right of the ship owner to limitation of his liability to the value of the vessel. While these decisions are in the field of maritime law they nevertheless determine the propriety of a refusal by a federal court to exercise its unquestioned jurisdiction in favor of state court also having unquestioned jurisdiction under circumstances appealing to the discretion of the federal court.

■ In Landis, et al. v. Northern American Co., 299 U.S. 248, 57 S.Ct. 163, 166, 81 L.Ed. 153, the Supreme Court, speaking through Justice Cardozo, emphasized the duty of the trial court in the exercise of its discretion to avoid unseemly conflict with a state court. The court there stated: "Viewing the problem as one of power, and of power only, we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. * * * Apart, however, from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." The court thus held that the question as to whether a federal court should exercise its concurrent jurisdiction called for the exercise of a sound discretion. If the court had discretion to stay proceedings in the action upon satisfactory grounds it is clear that the fact that two employees of Cooley Butler were joined as defendants in the state court and that the property in the action in the federal court involved other lots are not decisive of the question before us. We hold that the trial court had the discretion to stay proceedings before it pending the prompt determination of the same issue in the state court in an action brought prior to the action in the federal court.

■ It remains to be considered whether or not the order of the respondent was a clear abuse of discretion. Upon this point it is sufficient to state in support of the conclusion of the trial court that the rights involved in both actions depend in part upon the conditions hundreds and even thousands of feet underground, and that it would be expensive to try the actions and to prepare for trial and that the state court is at present proceeding promptly with the case before it. If for any reason conditions change the trial court, of course, can modify its order to meet the situation as it develops.

■ It should also be stated here that the petitioner contends that since the pendency of the action in the state court was a matter in abatement the only way in which it could properly have been presented to the trial court under the new Rules of Federal Procedure, Rule 12 (b), 28 U.S.C.A. following section 723c, was as a defense pleaded in the answer. The effective answer to this contention is that the pendency of the action in the state court was not relied upon by the defendant as a ground of abatement or so treated by the trial court. The stay of proceedings sought by the defendant and granted by the court did not abate the action but amounted only to a temporary suspension, a continuance of the proceedings. Cyc. of Fed. Procedure, vol. 3, Sec. 953, p. 834.

Petition denied.