**AETNA LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

**v.**

**ALLA MEDICAL SERVICES, INC.; Management Multi–Diagnostics, Inc.; Upland Medical Ancillary Services, Intelligent Health Systems, Inc.; David Smushkevich; Michael Smushkevich, et al., Defendants–Appellants,**

**and**

**The Law Firm of Case, Schroeder, Knowlson, Mobley & Burnett, Real Parties in Interest–Apellant.**

**No. 87–6105.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1988.

Decided Sept. 2, 1988.

---

Michael F. Wright, Case, Schroeder, Knowlson, Mobley & Burnett, Los Angeles, Cal., for defendants-appellants.

John L. Fort, John L. Fort, P.C., Long Beach, Cal., for plaintiff-appellee.

Before TANG, BOOCHEVER and NORRIS, Circuit Judges.

TANG, Circuit Judge:

The law firm of Case, Schroeder, Knowlson, Mobley and Burnett ("Case Schroeder") appeals the district court's imposition of $750.00 in sanctions against it under Rule 11 for filing a frivolous motion to dismiss. The underlying action was brought by Aetna Life Insurance Co. ("Aetna") against various individual defendants and medical testing firms (collectively "Defendants") represented by Case Schroeder. The complaint alleged state law fraud and federal RICO violations in connection with a scheme whereby the Defendants, through several medical testing laboratories, procured and submitted numerous fraudulent claims which were paid by Aetna.

## PROCEDURAL BACKGROUND

Aetna filed its complaint in district court on October 24, 1986. On November 21, 1986, defendant Michael Smushkevich

moved for a more definite statement pursuant to Rule 12(e), Fed.R.Civ.P. The motion was refused by the Clerk of the Court. On December 1, 1986, a second individual defendant, Victor DeGuzman, moved for a more definite statement. That motion was also rejected.

On February 23, 1987, the district court denied a motion by sixteen of the defendants to dismiss or stay the action, explicitly brought "pursuant to Rule 12 of Federal Rules of Civil Procedure," based upon concurrent state proceedings dealing with the same issues. The court found the arguments advanced by the defendants to be "disingenuous." It also found that defendant Michael Smushkevich filed a "false" affidavit contesting service, which the defendants relied upon to show that the time for filing motions addressed to the pleadings had not already ended. The district court found the motion to be in violation of Rule 11 and imposed a $750.00 sanction upon a member of the law firm then representing the moving defendants, Wyman, Bautzer, Christensen, Kuchel and Silbert ("Wyman Bautzer").[1] No appeal was taken from that order.

On March 16, 1987, Case Schroeder brought a Rule 12(b)(6) motion to dismiss on behalf of two defendants who had not joined in the earlier motion to dismiss. In the motion, the Defendants argued that Aetna's fraud claims failed to comply with the particularity requirements of Rule 9(b), Fed.R.Civ.P., and failed to adequately allege RICO violations. Case Schroeder then filed a "joinder" in the motion on behalf of fourteen additional defendants (the Joining Defendants) who had participated in the prior motion.

The district court imposed $750 in sanctions against Case Schroeder under Rule 11. The court found that the motion was filed in bad faith on the grounds that (1) the motion of the Joining Defendants was barred by Rule 12(g) because they had previously filed a pre-answer motion under

Rule 12(b); (2) the motion was time-barred because it was filed more than 20 days after the Defendants were served with the Complaint; and (3) the motion was not warranted by existing law or a good faith argument for a change in the law. The Defendants, "by and through" their attorneys, Case Schroeder, appeal the sanction. Aetna, at the outset, claims that the sanction order against Case Schroeder is not a final decision appealable under 28 U.S.C. § 1291. Aetna also contends that Case Schroeder failed to file a timely notice of appeal.

## ANALYSIS

### I.

### *The appealability of the sanction order*

■ Aetna contends that the sanction order is not subject to appeal as a final judgment under 28 U.S.C. § 1291 since the decision to impose sanctions is intertwined with the denial of the motion to dismiss on the merits. We hold that an interlocutory appeal may be entertained in this case.

Aetna acknowledges that this court has previously found orders imposing sanctions against non-party attorneys to be immediately appealable. *See Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 556 (9th Cir. 1986) ("[a]n order imposing sanctions solely upon counsel, a non-party to the underlying action, is immediately appealable as a final order"), *cert. denied*, —— U.S. ——, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1425 (9th Cir.1985) (same); *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 648 (9th Cir.1982) (same). *Cf. Kordich v. Marine Clerks Ass'n*, 715 F.2d 1392, 1393 (9th Cir.1983) (refusing to allow appeals of sanctions before the end of the litigation where both the client and counsel are liable for payment of sanctions because of the "congruence of interest" between client and counsel). Aetna argues that we should

---

1. Aetna contends that Case, Schroeder "was then part of" the sanctioned law firm, Wyman, Bautzer. During oral argument, counsel for Case Schroeder acknowledged that a partner from Wyman Bautzer joined Case Schroeder,

bringing the Defendants with him as clients; moreover, several Wyman Bautzer attorneys, who were not involved in the case while at Wyman Bautzer, left that firm to join Case Schroeder and now are involved in the case.

reexamine our approach given the increasing frequency with which sanctions are being imposed, and in light of Supreme Court authority narrowing the reach of the collateral order doctrine. *See Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (orders disqualifying counsel in civil cases are not collateral orders subject to appeal as final judgments within the meaning of 28 U.S.C. § 1291); *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984) (same for an order disqualifying counsel in a criminal case); and *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673–74, 66 L.Ed.2d 571 (1981) (same for an order denying a motion to disqualify counsel in a civil case).

Our prior holding that sanction orders issued solely against non-party attorneys are immediately appealable is controlling absent overruling by the Supreme Court or an *en banc* panel. *Le Vick v. Skaggs Companies*, 701 F.2d 777, 778 (9th Cir.1983). We note that our holding that Rule 11 sanctions against non-party attorneys are immediately appealable has been reaffirmed subsequent to the Supreme Court's most recent pronouncement in 1985 of the appealability of rulings on motions to disqualify attorneys. *See Unioil*, 809 F.2d at 556. Absent overruling, we must follow the law of this Circuit. *Fenton v. Freedman*, 748 F.2d 1358, 1359 n. 1 (9th Cir.1984). Accordingly, this sanction order, imposed solely against the non-party law firm, is an immediately appealable order under section 1291.

## II.

### Case Schroeder's Notice of Appeal

■ Aetna contends that Case Schroeder, the appellant herein, failed to file a timely notice of appeal. The Notice of Appeal states that the Defendants "by and through their attorney's of record, Case, Schroeder" appeal the sanction order. Federal Rule of Appellate Procedure 3(c) provides in pertinent part that "[t]he notice of appeal shall specify the party or parties taking the appeal." Fed.R.App.P. 3(c).

The Supreme Court recently held that the failure to file a notice of appeal in accordance with Rule 3(c) presents a jurisdictional bar to appeal. *Torres v. Oakland Scavenger Co.*, —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). *See also Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1368–70 (9th Cir.1985) (failure to specify party to the appeal is a jurisdictional bar). In *Torres*, however, the Court observed that "[t]he purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants.... The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Id.*

In this case Case Schroeder is listed in the notice of appeal as the party "by and through" which the appeal is being taken. This is not a case in which more than one party is entitled to bring an appeal and only one party was designated as actually taking the appeal. *Cf. Torres*, —— U.S. at ——, 108 S.Ct. at 2409–11 (Torres, one of sixteen intervening plaintiffs, failed to sufficiently indicate his intention to appeal by the use of "et al." following the name of one of the plaintiffs in the notice of appeal); and *Farley Transp. Co.*, 778 F.2d at 1368 (Farley Terminal held not to be a proper party to the appeal where only its related company, Farley Transportation, was listed in the notice of appeal). In this case, the only appealable judgment is the order imposing sanctions against Case Schroeder. There is no opportunity for confusion or prejudice.

Rule 3(c) provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." The Advisory Committee's Note observes that "it is important that the right to appeal not be lost by mistakes of mere form." Aetna and this court were aware of the issue on appeal and of the fact that Case Schroeder was the appellant. Case Schroeder's appeal is not barred by Rule 3(c).

## III.

### Rule 11 Sanctions

Rule 11 provides in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. The district court found that Case Schroeder's motion to dismiss was filed in bad faith. The basis for the court's finding was threefold: (1) the motion as to the Med–X Systems defendants was not timely; (2) the motion as to the joining defendants violated Rule 12(g); and (3) the motion was not warranted by existing law or a good faith argument for a change in the law.

### A. *Standard of Review*

■ We review orders imposing sanctions under Rule 11 as follows: facts relied upon by the district court to establish a violation of the rule are reviewed under the clearly erroneous standard; the legal conclusion that the rule was violated is reviewed *de novo;* the appropriateness of the sanction imposed is reviewed for an abuse of discretion. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986).

### B. *Timeliness of the Motion to Dismiss*

■ One basis for the district court's finding that the motion to dismiss was filed in bad faith was that, as to the Med–X Systems defendants, the motion was "clearly untimely." This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed. *See Bechtel v. Liberty National Bank,* 534 F.2d 1335, 1340–41 (9th Cir.1976) (venue challenge under Rule 12(b)(3)). The *Bechtel* court noted that while some courts hold that Rule 12(b) motions must be made within 20 days of service of the complaint, the rule itself only requires that such motions "be made before pleading if a further pleading is permitted." *Id.* at 1341 [*quoting* Rule 12(b), Fed.R.Civ.P.].

The Med–X Systems defendants and the joining defendants entered into a stipulation with Aetna which gave them until March 16, 1987, to respond to the complaint. The 12(b)(6) motion to dismiss was filed on March 16, 1987, before an answer to the complaint was filed. Thus, the Defendants' motion to dismiss preceded the responsive pleading. The district court erred in ruling the 12(b)(6) motion untimely.

### C. *The Applicability of Rule 12(g)*

■ A second basis for the district court's finding of bad faith was that the motion to dismiss violated Rule 12(g) because the fourteen Joining Defendants had previously filed a motion "under" Rule 12 to stay or dismiss the the action. On January 15, 1987, the Joining Defendants filed a motion to stay or dismiss Aetna's federal action based upon concurrent state proceedings dealing with the same issues. The district court denied the motion and imposed Rule 11 sanctions on the prior counsel. On March 16, 1987, the Med–X defendants filed a motion to dismiss. At the same time, the Joining Defendants joined the motion, filing a separate pleading setting forth the legal grounds for their joinder.

Rule 12(g) provides in pertinent part:

If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed.R.Civ.P. 12(g). Rule 12(h)(2) provides in relevant part:

A defense of failure to state a claim upon which relief can be granted … may be made in any pleading permitted or ordered under Rule 7(a), or by motion

for judgment on the pleadings, or at the trial on the merits.

Fed.R.Civ.P. 12(h)(2).

Case Schroeder first argues that the previous motion was not brought pursuant to Rule 12, although it was captioned as a Rule 12 motion. In *Butler v. Judge of the United States District Court*, 116 F.2d 1013, 1016 (9th Cir.1941), this court held that a district court has discretion to stay proceedings before it pending resolution of the same issue in a state court action brought prior to the federal court action. The court rejected the argument that the motion to stay raised a matter which must be raised in an answer or waived under Rule 12(b). The court held that the motion to stay did not seek relief provided under Rule 12(b) and hence was not subject to that Rule's restrictions.

We agree with Case Schroeder that its January 15, 1987, motion to dismiss or stay was not a Rule 12(b) motion and accordingly the Defendants' March 12(b)(6) motion was not barred by Rule 12(g). As was the case in *Butler*, the January motion urged the district court to stay or dismiss the action because of a pending state court action involving the same subject matter. The district court therefore erred in holding that the second motion violated Rule 12(g).[2]

### D. *The Merits of the Motion*

■ The third basis for the district court's finding of bad faith was that the motion was unwarranted by existing law or a good faith argument for a change in existing law. Case Schroeder defends the motion vigorously. The motion was based upon several theories: that Aetna's fraud claims failed to comply with the particularity requirements of Rule 9(b), Fed.R.Civ.P.; that Aetna's RICO claims failed to allege a separate RICO "enterprise"; and that Aetna failed to show any causal connection between the use of the alleged racketeering income and its injury. Case Schroeder repeats all of those arguments here in support of its contention that its motion was objectively reasonable. Aetna counters that its complaint did allege fraud with the particularity required by Rule 9(b) and that its RICO claims each adequately alleged all the elements of a RICO violation.

Case Schroeder's arguments are plausible. *See Hurd v. Ralph's Grocery Co.*, 824 F.2d 806, 810 (9th Cir.1987) (a paper supported by reasonable factual inquiry and based on a "plausible, good faith argument" of the law does not violate Rule 11). Our review of the motion satisfies us that it comports with the "well grounded in fact and warranted by existing law" clause of Rule 11. The motion was objectively reasonable given the broad range contemplated by the Rule. *See Golden Eagle*, 801 F.2d at 1542 ("Rule 11 should not impose the risk of sanctions in the event that the court later decides that the lawyer was wrong"); and *Zaldivar*, 780 F.2d at 831 (sanctions shall be assessed if the paper is frivolous, legally unreasonable, or without factual foundation). Our inquiry into the the appropriateness of sanctions in this case, however, does not end there.

### E. *The Improper Purposes Prong of Rule 11*

■ Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Zaldivar*, 780 F.2d at 830. The plain language of Rule 11 suggests that the frivolous filings clause and the improper purposes clause are independent; that is, a signer can violate the Rule by filing a frivolous paper even though not done for an improper purpose or, conversely, a signer can violate the Rule by filing a harassing paper

---

**2.** Case Schroeder's argument that, in any event, courts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited is inapposite. *See* 2A J. Moore, J. Lucas and G. Grother, *Moore's Federal Practice* (2d ed. 1987) ¶ 12.22 at 12–192. "The philosophy underlying [Rule 12(g) ] is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Id.*, at 12–186. Those cases giving courts discretion to hear a second motion under Rule 12(b)(6) if it is not interposed for delay simply do not apply.

even though it is not frivolous on the merits. Despite the language of the Rule, we have held that the two clauses are not totally independent. In *Zaldivar* we held that a non-frivolous *complaint* can never violate Rule 11, even if it was filed for an improper purpose. *Id.* at 832. However, *Zaldivar* expressly left open the question whether an improper, harassing motion that is not frivolous violates the Rule.[3]

■ In deciding whether an excessive motion violates the Rule even if it is not frivolous, we confront the fundamental policy tension underlying the Rule. A lawyer has a duty to represent his client zealously. Model Code of Professional Responsibility Canon 7. "The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed.R. Civ.P. 11 Advisory Committee Note, 1983 Amendment. Furthermore, enforcement of the Rule must not "impede the traditional ability of the common law to adjust to changing situations." *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.1986). On the other hand, the Rule was intended to reduce frivolous claims, defenses and motions in the interest of avoiding delay and unnecessary expense in litigation. *Id.* It gives district courts greater power to "discourage dilatory or abusive tactics." Advisory Committee Note, 1983 Amendment. The challenge facing the court, therefore, is to construe the Rule in a manner that will promote the goal of limiting harassment, delay and expense, without impeding zealous advocacy or freezing the common law in the status quo.

By its terms Rule 11 requires courts to impose sanctions on a person who signs a paper that is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. This obligation is not completely subsumed by the obligation to file nonfrivolous papers because such construction would render the language a nullity and undercut one of the Rule's major goals. *See Unioil, Inc.*, 809 F.2d at 557 ("[A]n attorney violates rule 11 whenever he signs a pleading, motion, or other paper without having conducted a reasonable inquiry into whether his paper is frivolous, legally unreasonable, or without factual foundation. An attorney also violates rule 11 whenever he signs a paper that is filed for a purpose that is improper under an objective standard.") (citations omitted). Although a complaint that is filed for an improper purpose will not be sanctionable unless it is frivolous, *Zaldivar*, 780 F.2d at 832, there comes a point when successive motions and papers become so harassing and vexatious that they justify sanctions even if they are not totally frivolous under the standards set forth in our prior cases. If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity, it will be deemed to have been filed for an improper purpose and sanctionable.

The motion before us is objectively reasonable and cannot be considered frivolous. It may be considered, however, a part of a pattern of abusive litigation activity in which the Defendants, through their attorneys, delayed filing an answer to Aetna's complaint for seven months. The complaint was filed on October 24, 1986. During the next two months two of the individual defendants separately filed motions for more definite statement pursuant to Rule 12(e). Nearly four months after the complaint was filed, the district court denied a motion to dismiss brought by sixteen of the defendants. The motion was found to be frivolous and Rule 11 sanctions were imposed. Finally, on March 16, 1987, the motion to dismiss giving rise to this appeal was filed on by Case Schroeder, purportedly on behalf of two defendants who had not joined in the earlier motion to dismiss. Fourteen of the defendants who had previously filed a "12(b)" motion then joined in the current motion.

---

**3.** The *Zaldivar* court stated:

The filing of successive motions, for example, even if each is well grounded in· fact and law, may under particular circumstances be "harassment" under Rule 11 or sanctionable under some other provision of law, a question we need not decide here.
*Zaldivar*, 780 F.2d at 832, n. 10.

At oral argument, Case Schroeder contended that its conduct is entirely separate from the conduct of prior counsel. Without determining whether the attorneys from the previous firm (Wyman Bautzer) are the same as those from Case Schroeder handling this case, *see infra,* n. 1, we hold that Case Schroeder's motion to dismiss must be considered in the context of the entire litigation. Insofar as Aetna and the district court are concerned, all the motions and tactics used throughout the litigation were used by the same defendants. In fact, changing attorneys can be an element of a plan deliberately to stall proceedings, although it is not argued that happened in this case. An attorney entering a case during its pendency cannot ignore all that has gone on before.

Our holding should not be construed as suggesting that Rule 11 sanctions be imposed against Case Schroeder. We hold only that, although the reasons articulated by the district court for the imposition of sanctions were erroneous, the motion in this case may warrant sanctions under the improper purposes prong of Rule 11 because the cumulative effect of the Defendants' litigation tactics could indicate the motion was filed for an improper purpose.

### CONCLUSION

We abide by the prior holdings of this court that a sanction order issued against a non-party attorney only is immediately appealable under 28 U.S.C. § 1291. Case Schroeder's notice of appeal, while technically imperfect, provides this court with jurisdiction over the sanction order.

The bases articulated by the district court for the imposition of sanctions were erroneous. We do not decide whether the motion was arguably filed as a part of a pattern of abusive litigation tactics, but remand to the district court for the exercise of its discretion whether to reconsider the sanction order.

VACATED and REMANDED.